UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00639-MOC-DCK

| | | |
|---|---|---|
| **ANTHONY PARKER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CURTIS WRIGHT CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a letter (#26) sent to Chambers by plaintiff. The Court has read the letter and determined that it is a request for reconsideration of the Court's earlier Order (#21) dismissing the action upon defendant's Motion to Dismiss.

The Court notes that such motion comes immediately after plaintiff filed his Notice of Appeal (#23) from this Court's Order (#21) and Judgment (#22). Traditionally, the filing of an appeal divested the district court of jurisdiction. However, Rule 62.1 of the Federal Rules of Civil Procedure provides district court with the ability to address certain motions filed during the pendency of an appeal. In particular, Rule 62.1(a) provides, as follows:

> (a) **Relief Pending Appeal**. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>      (1) defer considering the motion;
>      (2) deny the motion; or
>      (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

-1-

Fed.R.Civ.P. 62.1. Thus, under Rule 62.1, this Court is limited to either denying the motion or providing the appellate court with notice that it intended to grant the motion or that the motion raised an issue requiring additional consideration.

Rule 59(e) governs motions to amend and Rule 60 provides for relief from judgment and orders based on clerical error, oversight, and mistakes. See Fed.R.Civ.P. 60; c.f. Fed.R.Civ.P. 59. The Court has fully considered plaintiff's Motion to Reconsider and his exhibits. For cause, plaintiff states:

> After reviewing your prestigious background felt you might be empathic to legal wrongs. Your recent decision dated April 5, 2017, did not consider physical evidence submitted. The physical evidence included the Defendants' EEOC position statement with Defendants evidence.
> Moreover, Randstad the email sender, denies involvement with fabricated libelous statement. Additionally, Defendants witness denies sexual harassment occurred.
> The law requires proving my case by a preponderance of the evidence in a civil matter. However, your decision makes no reference to evidence submitted. Stevie Wonder can see the email is copied and pasted together.
> My dilemma started from protesting the treatment of a young black man at Curtiss Wright Corporation. Young black males encounter an unequal economic divide in the work place. Without protesting the disparaging treatment in the work place, young black male feel hopeless. Yes, I protested unfair treatment of Kenya Boxley, not considering my consequence.
> Furthermore, your decision goes on to infer that your Court is not a place for me to [sue].

Motion to Reconsider (#26) at 1.

Fundamentally, plaintiff misconstrues the nature of review under Rule 12(b)(6) as it is not an attempt to weigh the evidence either side may have, but is a review of the allegations in Complaint to determine whether they state a cause of action under the law. As provided in the Order (#21), " when ruling on a Rule 12(b)(6) motion, 'a judge must accept as true all of the factual allegations contained in the complaint.'" Order (#21) at 4 (citing Erickson v. Pardus, 551 U.S. 89,

94 (2007) (*per curiam*) (citations omitted)).   The evidence he may have in support of those allegations is not relevant at the Rule 12 stage as the Court presumes all the well-pled factual allegations are true.   Indeed, the Court is not allowed to look beyond the four corners of the Complaint in making its Rule 12(b)(6) determination.

Finally, plaintiff appears to argue that he was fired for protesting the treatment of another employee who was in his protected class, Mr. Boxley. Motion (#26), and that this Court did not address that issue.   As this Court summarized in its previous Order, plaintiff alleged that he counseled an employee on August 10, 2017. He learned on August 31, 2017, that his supervisor, Mr. Owens, was investigating that counseling session, focusing on comments plaintiff made about the Quality Department, and that Mr. Owens, as part of that investigation, asked a black male coworker to provide a statement regarding plaintiff's comments. Plaintiff then alleged the coworker later resigned, concluding that Mr. Owens' request for a statement amounted to "ethnic intimidation." Complaint (#1) at ¶¶ 23-24.  The Court further summarized that on August 31, 2017, plaintiff made a complaint to Curtiss-Wright's ethics hotline "about [a] human resource[s] issue," alleging that Mr. Owens' investigation of his own conduct on August 10, 2017 was initiated "without Corporate HR approval," and that Mr. Owens' request for a statement from the black coworker amounted to "intimidation and harassment." Id. at ¶ 25.  See Order (#21) at 7.

Having concluded that plaintiff was attempting to allege a Title VII Retaliation claim, this Court reviewed the elements of such a claim and discussed the allegations of the Complaint.  The Court held that "plaintiff must allege plausible facts that could show that the 'protected activity was a but-for cause of the alleged adverse action.'" Order (#21) at 13 (quoting University of Tx Sw Med. Ctr v. Nassar, 133 S. Ct. 2517, 2534 (2013)).  The Court then explained why those

allegations concerning Mr. Owens inclusion of Mr. Boxley as a witness in the investigation were not adequate to allege a cause of action for retaliation. In sum, this Court held that simply asking another employee in the same protected class for a statement as to what occurred is not an employment practice that is unlawful under Title VII or the ADEA. Id. at 14-15 (citing Amelia Cty. Sheriff's Office, 302 F. App'x 209, 213 (4th Cir. 2008).

While there may be an "unequal economic divide in the workplace," Motion (#26) at 1, that divide is not bridged by alleging in conclusory fashion that it is "ethnic intimidation" to interview witnesses to an incident who may fall into a protected class. Indeed, asking all employees what they saw or heard about an on-the-job incident -- regardless of their race, sex, or age -- is precisely what Title VII of the Civil Rights Act of 1964 seeks to ensure in the workplace.

The Court has fully considered plaintiff's letter and the attachments and can find no reason to alter or amend its decision dismissing this case. The Court will, therefore, deny the present motion for the reasons discussed herein and in its previous Order (#21), which is fully incorporated by reference.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's letter, deemed to be a Motion to Reconsider (#26), is **DENIED**.

\*\*\*

Plaintiff is advised that in accordance with Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), with the denial of his Motion to Reconsider, if plaintiff intends to also challenge this Order on appeal he must file a either a separate Notice of Appeal or an Amended Notice of

Appeal, in compliance with appellate Rule 3(c), within the time prescribed under Rule 4(a)(1), which is measured from the date this Order is entered. Plaintiff is advised that no additional fee is charged for filing an Amended Notice of Appeal.

Signed: April 13, 2018

Max O. Cogburn Jr
United States District Judge